UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNIE WOODFORD, et al.,<br><br>    Defendants. | CASE NO. 1:05-CV-01494-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1) |

I.    Findings and Recommendations Following Screening of Complaint

    A.    Screening Requirement

Plaintiff Andrew Ramirez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 22, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    B.    Summary of Plaintiff's Complaint

    The events at issue in the instant action allegedly occurred at the Ironwood State Prison in Blythe, where plaintiff was incarcerated at the time.[1] Plaintiff names former California Department of Corrections Directors Woodford and Alameida, Linda Davis, R. Marsh, M. Hill, Sokolik, Stephen S. Hall, M. Yamaguchi, M. E. Daniel, and N. Grannis as defendants. Plaintiff is seeking money damages.

    C.    Plaintiff's Due Process Claim

    The basis of plaintiff's claim against defendants is the negligent loss of his personal property by prison employees. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, the provision for certain procedural protections under state law does not work to enlarge plaintiff's rights under federal law. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Thus, plaintiff's allegations concerning defendants' failure to follow the proper policies and procedures concerning his personal property do not support a claim for relief under section 1983. Further, plaintiff has state law remedies available to him with respect to the property deprivation,

---

[1] Venue for plaintiff's claim is proper in the Southern District of California. However, plaintiff opted to file suit in this district and in light of the fact that plaintiff's claim is not cognizable, as discussed below, transferring this action to the Southern District would unnecessarily expend the resources of both courts.

2

and as a result, his claim does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment.[2] <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-34 (1984); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).

### D. Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. Based on the deficiency in plaintiff's claim, the court finds that justice does not require that leave to amend be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 19, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE

---

[2] There exist additional deficiencies in plaintiff's claim with respect to some of the named defendants. However, because plaintiff may not pursue a section 1983 claim based on the negligent deprivation of his property, the court declines to elaborate on the other deficiencies.