# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RAMIREZ, | CASE NO. 1:05-cv-01494-OWW-LJO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION SEEKING INJUNCTION AND/OR A |
| v. | TEMPORARY RESTRAINING ORDER |
| JEANNE WOODFORD, et al., | (Doc. 12) |
| Defendants. | |

Plaintiff Andrew Ramirez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2005. On July 31, 2006, the Court dismissed this case with prejudice for failure to state a claim, a clerk's judgment was entered in favor of Defendants against plaintiff, and the case was closed. (Docs. 10 and 11.) Almost four years later, on February 8, 2010, Plaintiff filed a document entitled "Motion for Order to Cause for a Injunction, a Temporary Restraining Order," (Doc. 12), which is hereby construed as a motion for injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. The case or controversy requirement cannot be met in light of the fact

1

1  that this case has been dismissed with prejudice and closed.[1]  Because this case has been dismissed
2  with prejudice and closed, the case-or-controversy requirement is not met such that this action
3  provides no basis upon which to award Plaintiff injunctive relief.
4       Accordingly, Plaintiff's motion for injunctive relief, filed February 8, 2010, is HEREBY
5  DENIED.

9  IT IS SO ORDERED.
10 **Dated:   June 2, 2010**               /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE

---

[1] Further, even if there were some basis for this Court to maintain continuing jurisdiction in this case, the issues that Plaintiff's motion seeks to be remedied at High Desert State Prison in Susanville, California bear no relation, jurisdictionally, to the past events at Ironwood State Prison in Blythe, California which gave rise to this suit. <u>Lyons</u>, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); <u>also</u> <u>Summers v. Earth Island Inst.</u>, 129 S.Ct. 1142, 1148-49 (2009); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).